REQUESTED BY: William E. Peters, State Tax Commissioner, Nebraska Department of Revenue.
Is a veteran claiming a homestead exemption under section77-202.09, R.R.S. 1943, as a paraplegic or multiple amputee limited to one acre of land surrounding his residence, if the zoning where his residence is located requires more than one acre for a residence?
No.
Section 77-202.09, R.R.S. 1943, provides that the value of a home substantially contributed to by the Veterans Administration for a paraplegic veteran or a multiple amputee veteran shall be exempt from taxation during the life of the veteran or until the death or remarriage of his widow. Section77-202.08(3) provides:
 "Home shall mean one housing unit and necessary land therefor and occupied by the veteran or his widow as long as she remains unmarried; . . ."
You state that you are concerned about a qualified claimant who resides in a rural residence subject to a county zoning ordinance which requires 40 acres as a minimum sized lot for nonfarm residences in the location of the veteran's home.
You call our attention to section 77-202.12, R.R.S. 1943, which provides that, as used in sections 77-202.12 to77-202.22, homestead shall mean a residence, and the land surrounding it, not exceeding one acre. Your question is whether you can apply this one-acre limitation to an exemption claimed under section 77-202.09, on the theory that this constitutes the Legislature's concept of what land is `necessary' under section 77-202.08.
We believe there is no basis for reaching such a conclusion.
We point out, first, that sections 77-202.08 to 77-202.10, dealing with the homestead exemption for paraplegic and multiple amputee veterans, were adopted in 1965. Sections77-202.12 to 77-202.22, dealing with ordinary homesteads, were adopted in 1969, and the one-acre limitation came in by amendment in 1972. We find nothing in the legislation which indicates an intention to amend section 77-202.08 by making the one-acre limitation the maximum land that was `necessary' for a residence.
Second, in the situation you describe, we believe such a limitation would create an inconsistency with the plain language of the statute. While we have not seen the particular zoning ordinance in question, we assume for the purposes of this opinion that it requires not only that the plot upon which the home is to be located must be a minimum of 40 acres at the time of the issuance of the building permit, but also that that minimum size must be maintained while the home is occupied as a residence. Under those circumstances, it is clear that the 40 acres are `necessary' to the occupancy of the home. You have no statutory basis for imposing a one-acre limitation on such an exemption. The limitation found in section 77-202.12 was not a legislative determination of what was `necessary' but simply a determination of the maximum amount of land to which the Legislature was willing to grant that particular homestead exemption. It does not apply to the exemption you are concerned with.